IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVER ROBERTO MENJIVAR-LOPEZ,    )
        )
       Petitioner,    )
        )
   v.    )    Case No. 26-3133-JWL
        )
TODD BLANCHE, Acting Attorney General;    )
MARKWAYNE MULLIN, DHS Secretary;    )
TODD LYONS, ICE Acting Director; and    )
MISTY MACKEY, Warden, Midwest Regional    )
   Detention Center,    )
        )
       Respondents.    )
        )
_____ )

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a amended petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the amended petition is **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **July 20, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner has alleged – and respondents have not disputed – that he is a native of El Salvador who entered the United States without authorization in 2022; that immigration officials placed him in custody on July 23, 2025; that by written order of November 7,

2025, an immigration judge denied petitioner's applications for relief and ordered petitioner's removal; that petitioner's appeal of that order to the  Board of Immigration Appeals (BIA) is pending; and that he is presently confined within this judicial district.  On May 15, 2026, petitioner initiated this habeas action; and on June 1, 2026, in response to the Court's order to show cause why the petition should not be denied on the merits, petitioner filed a document that the Court has construed to be an amended petition. Respondents have filed an answer to the amended petition, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider the petition.

Petitioner claims that his continued detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process.  Respondents state in their response, however, that the issue with regard to petitioner's detention in the absence of a final removal order is whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or subject to detention under 8 U.S.C. § 1226(a), which allows for release on bond.  Thus, by that answer, respondents have confirmed that petitioner is not being detained pursuant to Section 1226(c).

The Court therefore addresses whether petitioner is entitled to a bond hearing. Respondents take the position that petitioner is subject to mandatory detention under Section 1225(b)(2)(A).  Petitioner was not recently detained as an alien newly arriving in the United States, however; rather, he had been present in the United States for a period of years when he was detained.  In similar cases, this Court has rejected the Government's statutory interpretation and held that, in the absence of a final removal order, such an alien may be detained only pursuant to 8 U.S.C. § 1226(a), which provides for discretionary release on bond, and the Court has ordered relief in the form of a bond hearing under Section 1226(a).  *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).  The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who has pursued an application for asylum.  *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.).  The Tenth Circuit has also recently rejected the Government's position on this issue.  *See Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026).  Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the reasoning of that case would also apply here.  Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore

3

violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).[1]

With respect to the remedy for this violation, the Court denies petitioner's request for release and his alternative request for a bond hearing conducted under certain conditions. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 2026 WL 1876709, at *17 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **July 20, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the amended petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **July 20, 2026**, and they are further ordered to

---

[1] In light of this holding, the Court need not address whether petitioner's detention without a bond hearing also violates due process.

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

4

provide notice to this Court when such relief has been given.  The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 6th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge